UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Jeff Heimerl and Fred Jahnke, as Trustees of the IBEW Local No. 292 Health Care Plan; Trustees of the Electrical Workers Local No. 292 Pension Fund; as Trustees of the Electrical Workers Local No. 292 Annuity & 401(k) Fund; as Trustees of the Electrical Workers Local No. 292 Vacation & Holiday Fund; and as Trustees of the Minneapolis Electrical Industry Board/JATC/LMCC; and each of their successors,** | Case No. 12-CV-612 (SRN/SER) |
| Plaintiffs, | ORDER |
| v. | |
| **Tech Electric of Minnesota, Inc.,** | |
| Defendant. | |

___

Amanda R. Cefalu and Pamela Hodges Nissen, Anderson, Helgen, Davis & Nissen, PA, 333 South Seventh Street, Suite 310, Minneapolis, Minnesota 55402, for Plaintiffs

Chad A. Kelsch, Fuller, Seaver, Swanson & Kelsch, P.A., 5500 Wayzata Boulevard, Suite 1025, Golden Valley, Minnesota 55416, for Defendant

___

SUSAN RICHARD NELSON, United States District Court Judge

This matter is before the Court on Plaintiffs' Motion for Attorney's Fees and Costs and *In Camera* Review [Doc. No. 107]. For the reasons stated below, Plaintiffs' motion is granted in part and denied in part.

1

I.    BACKGROUND

Plaintiffs, Trustees for several fringe benefit plans, brought this action pursuant to § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, seeking to conduct an audit of Tech Electric's payroll and employment records and to recover amounts due for any unpaid fringe benefit contributions owed by Tech Electric for the period of January 1, 2009 to December 31, 2011.  (See Findings of Fact, Conclusions of Law, and Order for Judgment (the "Order") at 2 [Doc. No. 102].)   Following a two-day court trial and post-trial damages submissions, the Court found that Tech Electric had terminated the Inside Agreement effective April 30, 2010 and was liable for any unpaid contributions for the period of January 1, 2009 through April 30, 2010 ("the pre-termination period"), less any contributions made by Tech Electric to Plaintiffs in satisfaction of earlier judgments.  (Id. at 48-50.)  The Court also found that in light of Tech Electric's termination of the Inside Agreement, effective April 30, 2010, it bore no liability from May 1, 2010 to the present (the "post-termination period").  (Id. at 50.)

The Court determined that Plaintiffs were entitled to damages totaling $18,503.19, representing $13,894.56 in unpaid fringe benefit contributions, $1,882.72 in interest, and $2,778.91 in liquidated damages.  (Id. at 51-52.)  In addition, the Court permitted Plaintiffs to submit a calculation for the costs incurred in conducting an audit of unpaid contributions for the pre-termination period.  (Id. at 52-53.)   As to Plaintiffs'

request for attorney's fees and costs, the Court noted that pursuant to 29 U.S.C. § 1132(g)(2), ERISA mandates an award of reasonable attorney's fees and costs to fiduciary plaintiffs who have obtained a favorable judgment. (Id. at 53.)

Plaintiffs brought the instant motion, requesting an award of $40,704.37 in attorney's fees, $2,256.85 in costs incurred related to the pre-termination period, and $1,643.15 for the cost of the audit related to the pre-termination period. (Pls.' Mot. for Atty.'s Fees & Costs [Doc. No. 107].) In support of the motion, Plaintiffs filed under seal the Affidavit of Pamela H. Nissen [Doc. No. 110] and three exhibits. The exhibits, which included billing records (Exhibits 1 & 2 [Doc. Nos. 110-1 & 110-2]) and a statement of costs (Exhibit 3 [Doc. No. 110-3]), were also filed under seal. Plaintiffs requested that the Court review these documents *in camera* and that they remain under seal. Plaintiffs contend that the documents contain attorney client privileged information and information constituting protected attorney work product. (Pls.' Mem. Supp. Mot. for Atty's Fees at 6 [Doc. No. 108].) Plaintiffs provided a redacted copy of exhibits 1 and 2 to Defendant (Pl.'s Mot. for Atty's Fees ¶¶ 2; 6 [Doc. No. 107]), but apparently did not provide a redacted copy of the Nissen Affidavit.

Even though Plaintiffs did not provide Tech Electric with information concerning the billing rates of Plaintiffs' counsel, Tech Electric did not object to the Court's determination of whether the rates were reasonable, based on the Court's *in camera* review. (Def.'s Resp. Mem. at 2 [Doc. No. 113].) However, because Plaintiffs failed to provide Tech Electric with anything other than a redacted version of its billing records,

Tech Electric objected to Plaintiffs' request for *in camera* review of Plaintiffs' counsels' billing records. (Id.) Tech Electric argued that it was entitled to review the records independently to determine whether the fees claimed by Plaintiffs were reasonable. (Id. at 2-3.)

In this Court's Order of September 8, 2014 ([Doc. No. 114]), the Court found that: (1) the billing rates of Plaintiffs' counsel were reasonable rates in this market for this type of legal work; and (2) the Court could not determine the reasonableness of the time expended by Plaintiffs' counsel until Plaintiffs demonstrated the validity of their claims of privilege. (Order of 9/8/14 at 11-14 [Doc. No. 114].) The Court therefore ordered Plaintiffs to provide the Court with a copy of the redacted documents previously given to Tech Electric (including the Nissen Affidavit), so that the Court could compare the redacted and unredacted versions. (Id. at 13.) In addition, the Court directed Plaintiffs to provide a detailed privilege log, setting forth the basis for the asserted privilege or work product protection. (Id. at 14-15.)

Plaintiffs subsequently provided the Court with a redacted copy of Exhibit 2 (Plaintiffs' counsels' billing records), as well as a partially redacted, amended copy of Exhibit 2 that Plaintiffs simultaneously provided to Tech Electric. Previously, Plaintiffs had only provided a redacted copy of Exhibit 2 to Tech Electric. In addition, Plaintiffs filed a Privilege Log [Doc. No. 115]. Defendant has not filed further objections. The Court therefore assumes that Tech Electric's original objections to Plaintiffs' requested attorney's fees and costs remain.

## II.     DISCUSSION

In an action brought by an ERISA fiduciary plan to enforce delinquent contributions, in which the court awards judgment in favor of the plan, an award of attorney's fees and costs is mandatory.  29 U.S.C. § 1132(g).  Specifically, plans shall be awarded:
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
> > (i) interest on the unpaid contributions, or
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

### A.     Assertions of Attorney-Client Privilege and Work Product Doctrine

As this Court previously discussed in its Order of September 8, the fee applicant bears the burden of establishing entitlement to a fee award and of documenting the appropriate attorney hours expended and hourly rates.  H.J. Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  As fiduciaries who brought suit to enforce Defendant's contributions under the Inside Agreement, Plaintiffs are entitled to an award of "reasonable attorney's fees and costs" for those portions of the case for which they obtained a favorable judgment.  29 U.S.C. § 1132(g)(2).

Regarding Plaintiff's request that counsel's unredacted billing records remain under seal, Plaintiffs' partially redacted, amended billing records (Am. Redacted Ex. 2 to Nissen Aff.), coupled with their Privilege Log [Doc. No. 115], are properly redacted to reflect attorney-client privilege and work product.[1]  The Court therefore grants Plaintiffs' motion in part as to its request that the unredacted billing records be reviewed by the Court *in camera* and remain under seal.  To ensure a complete record, however, Plaintiffs shall file a copy of their partially redacted, amended billing records.

To the extent that Plaintiffs request that the Affidavit of Pamela H. Nissen remain under seal, Plaintiffs did not identify the portions of the Nissen Affidavit to which any claims of privilege or work product apply.  (See Order of 9/8/14 at 14 [Doc. No. 114].)  Nor does their Privilege Log contain any references to the Nissen Affidavit itself.  (See Privilege Log [Doc. No. 115].)  Rather, Plaintiffs' Privilege Log solely addresses claims of privilege and work product found in Exhibit 2 to the Nissen Affidavit.  (Id.)  Also, it appears that Plaintiffs never provided Tech Electric with a redacted copy of the Nissen Affidavit, since Plaintiffs did not provide a redacted copy to the Court, as directed, assuming that one was provided to Tech Electric.  (Order of 9/8/14 at 14 [Doc. No. 114].)

---

[1] In contrast, the billing records that Plaintiffs originally provided to Tech Electric contained entirely redacted descriptions of counsels' work.  From these entries, Tech Electric could glean no information whatsoever concerning the reasonableness of counsel's expended time.  See Starr Indem. & Liab. Co. v. Continental Cement Co., L.L.C., No. 4:11CV809 JAR, 2012 WL 6012904, at *5 (E.D. Mo. Dec. 3, 2012) (claims of attorney client privilege and work product doctrine do not preclude the opposing party from "conducting an analysis of the reasonableness of [the petitioning party's] claim for attorneys' fees.")

A party asserting privilege or work product protection bears the burden of establishing the right to invoke such protection. Hollins v. Powell, 773 F.2d 191, 196 (8th Cir. 1985). Accordingly, any claims of privilege or work product protection with respect to the Nissen Affidavit are waived. Plaintiffs shall file an unsealed copy of the Nissen Affidavit, although the unredacted exhibits (Exs. 1-3 to the Nissen Affidavit [Doc. No. 110]) originally attached to the Affidavit shall remain under seal.

### B.   Reasonableness of Fees and Costs

As noted in the Order, the Court found that Plaintiffs were entitled to damages totaling $18,503.19. (Order at 52-55 [Doc. No. 102].) Again, in the instant motion, Plaintiffs move for an award of $40,704.37 in attorney's fees, $2,256.85 in costs incurred related to the pre-termination period, and $1,643.15 for the cost of the audit related to the pre-termination period. (Pls.' Mot. for Atty.'s Fees & Costs [Doc. No. 107].) Plaintiffs contend that they incurred actual attorney's fees of $109,330, which they voluntarily reduced by $27,891.25 to "offset the total amount for work not necessarily incurred in relation to the first audit period." (Pls.' Mem. Supp. Mot. for Atty.'s Fees & Costs at 4 [Doc. No. 108].) Because the remaining $81,408.75 in fees was "expended jointly in connection with prosecution of both audit claims," Plaintiffs seek 50% of the fees incurred – $40,704.37 – since "two audit periods were involved, both of which required Plaintiffs to take this case through trial and post-judgment proceedings." (Id.) (citing Grimm v. Central Landscaping, Inc., No. 07-CV-3215 (JNE/SRN), 2008 WL 3896270, at *3 (D. Minn. Aug. 19, 2008) (applying a 50% reduction in fee request based on a lack of

documentation, which rendered the court unable to determine the number of hours spent on an unsuccessful claim).

Defendant argues that Plaintiffs' attorney's fees and costs should be proportionate to the amount recovered at trial. (Def.'s Resp. Mem. at 2 [Doc. No. 113].) Because Plaintiffs initially sought $298,790.64 in damages, and received an award of $18,503.19, Defendants contend that Plaintiffs' attorney's fees should bear a corresponding relationship.[2] (Id. at 3-4.) For example, Tech Electric observes that in the case on which Plaintiffs rely for their 50% damages reduction, Grimm, this Court awarded $11,085.17 in fees and costs, although the plaintiffs requested $36,072.95 in fees and received judgment in the amount of $145,946. (Id. at 4) (citing Grimm, 2008 WL 3896270, at *3.) In addition, Tech Electric argues that

> Plaintiffs maintain that out of the $109,300.00 billed in this matter, $27,921.25 relate exclusively to the post-termination claim and are not recoverable. It is hard to swallow the accuracy of this claim because the record reflects that Plaintiffs' primary impetus for commencing this lawsuit was for recovery of contributions allegedly owed post-termination, arguably recoverable on the basis that Defendant had failed to properly terminate the Inside Agreement. This was almost exclusively the focus of Plaintiffs during trial. Thus, one would expect the time dedicated to this issue to greatly eclipse that of the pre-termination matter.

(Id. at 3-4.) Moreover, Defendant asserts that while the Court granted relief to Plaintiffs on their pre-termination claim, Defendant had conceded its liability prior to trial for any

---

[2] Specifically, Tech Electric appears to argue that Plaintiffs should receive attorney's fees amounting to 6% of Plaintiffs' total fees, since Plaintiffs were awarded only 6% of the damages amount originally requested at trial. (Def.'s Resp. Mem. at 1 [Doc. No. 113].)

such amounts found due and owing.  (Id. at 5.)

As noted, this Court previously ruled that Plaintiff's counsel's hourly rates were reasonable.  (Order of 9/8/14 at 11 [Doc. No. 114].)  Regarding the reasonable expenditure of time, the Court has reviewed counsels' billing entries and finds that they are descriptive of appropriate legal work and are non-duplicative.  Multiplying the hourly expenditures by counsels' hourly rates, Plaintiffs arrived at an initial lodestar calculation of $109,300.  (Nissan Aff. ¶ 4 [Doc. No. 110]; Pls.' Mem. Supp. Mot. for Atty's Fees at 4 [Doc. No. 108].)  However because Plaintiffs obtained only partial success, the amount must only reflect fees incurred with respect to the successful portion of Plaintiffs' suit.  See 29 U.S.C. § 1132(g).  Plaintiffs voluntarily reduced the figure by $27,891.25 to account for work unrelated to the first audit period.  (Nissan Aff. ¶¶ 5-6 [Doc. No. 110]; Pls.' Mem. Supp. Mot. for Atty's Fees at 4 [Doc. No. 108].)   As to the remaining billing entries totaling $81,408.75, Plaintiffs contend that these fees were "expended jointly in connection with prosecution of both audit claims."  (Nissan Aff. ¶ 7 [Doc. No. 110]; Pls.' Mem. Supp. Mot. for Atty's Fees  at 4 [Doc. No. 108].)   Plaintiffs therefore divide that sum in half to reflect work performed on one half of the case.  (Id.)

As this Court has previously observed, after a lodestar amount is determined, the Court then determines whether an upward or downward adjustment of that amount is warranted.  United States ex rel. Thompson v. Walgreen Co., 621 F. Supp. 2d 710, 729-30 (D. Minn. 2009).  The amount of recovery and the results obtained by the lawsuit are

relevant factors for consideration in awarding attorney's fees.[3] See id at 713; Griffin v. Jim Jamison, Inc., 188 F.3d 996, 997 (8th Cir. 1999). Plaintiffs contend that some portion of $81,408.75 is attributable to counsels' work on the pre-termination period, for which Plaintiffs obtained judgment. (Pls.' Mem. Supp. Mot. for Atty.'s Fees at 4 [Doc. No. 107]; Nissen Aff. ¶¶ 5-7 [Doc. No. 110].) However, the Court agrees with Defendant that merely reducing the amount in half fails to accurately reflect the expenditure of counsels' time on the portion of the case for which Plaintiffs actually obtained a favorable judgment.

While the Court appreciates the difficulty of retrospectively apportioning the amount of work between the two audit periods, it remains Plaintiffs' burden to demonstrate their entitlement to reasonable fees. H.J. Inc., 925 F.2d at 260 (citation omitted). From the billing records submitted by Plaintiffs, the Court is unable to determine the hours spent on the pre-termination portion of the case, after Plaintiffs' $27,891.25 voluntary reduction. This was undoubtedly a difficult exercise for Plaintiffs' counsel as well. However, a straight 50% fee reduction fails to properly reflect that Plaintiffs' focus in this litigation – and the area on which their counsel correspondingly

---

[3] In ERISA actions that are not brought by fiduciaries to enforce delinquent or unpaid contributions, courts have discretionary authority to award damages to the prevailing party. 29 U.S.C. § 1132(g)(1). In such cases, courts may consider five factors set forth in Lawrence v. Westerhaus, 749 F.2d 494, 496 (8th Cir. 1984), in determining whether an award of attorney's fees is appropriate. Because Plaintiffs/Plan Fiduciaries here are entitled to a mandatory award of reasonable attorney's fees under a different subsection – § 1132(g)(2) – the Westerhaus factors are not applicable. See Niagara of Wisconsin Paper Corp. v. Paper Ind. Union-Management Pension Fund, 603 F. Supp. 1423, 1430 (D. Minn. 1984) (noting that the Eighth Circuit applies the Westerhaus factors in cases involving discretionary attorney's fees).

expended the vast majority of time – was Tech Electric's liability from May 1, 2010 forward.  The majority of pretrial litigation and the trial itself almost exclusively concerned this theory of liability, which proved to be unsuccessful.  Moreover, Defendant had stipulated to its pre-termination liability prior to trial.   Accordingly, the Court concludes that a deduction in the fee award is appropriate based on Plaintiffs' limited success and the overall amount of recovery, i.e., a damages award of $18,503.19.  Although Tech Electric appears to propose a 6% pro rata damages award reflecting the percentage of relief obtained (6%) versus the amount sought ($298,790), the Court finds that 10% of the $81,408.75 in fees is appropriate.  Thus, the Court awards $8,140.88 in attorneys' fees to Plaintiffs.

As to Plaintiffs' costs, Plaintiffs calculate total costs of $4,513.71, for which they seek a 50% recovery of $2,256.85.  (Pls.' Mem. Supp. Mot. for Atty.'s Fees & Costs at 5-6 [Doc. No. 108].)   Plaintiffs' records do not indicate whether the costs were incurred for their pre-termination or post-termination claims – thus, Plaintiffs again suggest a 50% reduction. (Cost Records, Ex. 3 to Nissen Aff.)   While Plaintiffs cite the Inside Agreement's language in support of their request, the language in question indicates that plan trustees may seek legal relief for the purpose of collecting payments including damages and costs. (Inside Agreement, Trial Ex. 1, § 6.13(3)) (emphasis added).  The Inside Agreement further provides that if it is necessary to commence legal action, the

employer-defendant shall be obligated to pay the plan's "attorney's services of papers."[4] (Id.) Among the costs incurred, the Plaintiffs' records document $474.25 in service of process costs. (Pls.' Cost Records, Ex. 3 to Nissen Aff.) As with attorney's fees in this context, ERISA mandates an award of reasonable costs for a fiduciary that has obtained favorable judgment. 29 U.S.C. § 1132(g)(2)(D). Again, however, Plaintiffs' 50% reduction fails to reasonably reflect the very modest success that Plaintiffs obtained in this case. While the Court finds that an award representing 10% of Plaintiff's request of $4,513.71 (i.e., $451.37) would be reasonable and appropriate, because Plaintiffs incurred the slightly higher amount of $474.25 in service of process costs, the Court awards the higher amount of $474.25 in costs.

With respect to the audit fee, although Plaintiffs' actual costs were $4,930.12, they seek one third of the cost, or $1,643.15. (Pls.' Mem. Supp. Mot. for Atty.'s Fees & Costs at 5-6 [Doc. No. 108].) Plaintiffs contend that because the total audit period covered 48 months, a one-third reduction reflects the 16-month period from January 2009 through April 2010 for which Plaintiffs obtained judgment. (Id.) Defendant does not object to Plaintiffs' request for $1,643.15 in costs related to the pre-termination audit. (Def.'s Resp. at 5 [Doc. No. 113].) The Court therefore awards Plaintiffs $1,643.15 in pre-termination audit costs.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

---

[4] Plaintiffs do not define "attorney's services of papers," but the Court construes it to refer to service of process.

1. Plaintiffs' Motion for Attorney's Fees and Costs and *In Camera* Review [Doc. No. 107] is **GRANTED in part** and **DENIED in part**;

2. Defendant is liable to Plaintiffs for reasonable attorney's fees, costs, and audit fees in the amount of $10,258.28.

Dated:   October 7, 2014

s/Susan Richard Nelson  
SUSAN RICHARD NELSON  
United States District Court Judge